United States District Court
Northern District of Illinois
Eastern Division

FILED: JULY 3, 2008

| | |
|---|---|
| JUSTIN E. MANLEY, individually and on behalf of all others similarly situated, | ) 08CV3809<br>) JUDGE NORGLE<br>) MAGISTRATE JUDGE COLE<br>) YM<br>) |
| Plaintiffs, | )<br>) |
| | ) **JURY TRIAL DEMANDED** |
| v. | )<br>) Case No. |
| SECURITY NAT'L WARRANTY, LLC d/b/a WARRANTY SERVICES | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## Class-Action Complaint

Plaintiff Justin E. Manley, by his attorneys Green Jacobson & Butsch, P.C., and James X. Bormes, P.C., individually and on behalf of all others similarly situated, states:

### Parties, Jurisdiction, and Venue

1.      Manley resides in Cook County, Illinois, which is located in this judicial district.

2.      Defendant Security National Warranty, LLC d/b/a Warranty Services ("Warranty Services") is a limited-liability company organized under Illinois law. Its principal place of business is in Cook County, Illinois.

3. Manley is asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n and § 1681o. This Court has subject-matter jurisdiction under 15 U.S.C. § 1681p, which grants district courts jurisdiction over all actions to enforce liability created under the Fair Credit Reporting Act.

4. Warranty Services is subject to the personal jurisdiction of this Court under Rule 4(k)1(A) of the Federal Rules of Civil Procedure because Warranty Services would be subject to the jurisdiction of courts of general jurisdiction in Illinois.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because Warranty Services is subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Allegations Common to All Claims**

6. In approximately June 2008, Manley received a mailer from Warranty Services at his address in Cook County, Illinois. A copy of this mailer is attached as Exhibit 1, and adopted by reference.

7. In this mailer, Exhibit 1, Warranty Services offers to sell Manley an automobile warranty.

8. The mailer states that Warranty Services accessed Manley's credit report.

9.    Manley never authorized any credit-reporting agency to provide any information about him to Warranty Services.

10.    Manley never authorized Warranty Services to obtain any information about him from any credit-reporting agency.

## Permissible Purposes for Use of Consumer Reports
## Under FCRA

11.    The Fair Credit Reporting ("FCRA"), 15 U.S.C. §§ 1681 — 1681x, is a consumer-protection statute that regulates the activities of credit-reporting agencies and users of consumer reports, and provides rights to consumers affected by the use of information that is collected about them.

12.    The purpose of FCRA is to protect consumers' privacy by safeguarding the confidentiality of the information maintained by consumer-reporting agencies. It states, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

13.    FCRA protects consumers by prohibiting any release of consumer reports unless the release is for one of the permissible purposes set forth in 15 U.S.C. § 1681b.

14.    The permissible purposes set forth in 15 U.S.C. § 1681b include, for the most part, transactions initiated by consumers. For instance, § 1681b(a)(3)

3

authorizes the use of consumer reports when the consumer has applied for credit, employment, or insurance.

15.     One of the few circumstances in which FCRA allows financial institutions to use consumer reports absent consumers initiating them is when the recipient of the information extends the consumer a "firm offer of credit or insurance … ." 15 U.S.C. § 1681b(c)(1)(B)(i).

16.     FCRA does not authorize the use of consumer reports to extend offers for just any product or service. It authorizes offers *only* for credit or insurance. 15 U.S.C. § 1681b(c)(1)(B)(i).

17.     Count I of this lawsuit is not based upon the theory that Warranty Services failed to make a "firm offer" of credit or insurance, but rather, it is based upon the theory that Warranty Services failed to offer Manley credit or insurance at all.

### Count I — Violation of FCRA By Failing to Offer Manley Credit or Insurance

18.     Manley adopts by reference all preceding allegations.

19.     In its mailer, Exhibit 1, Warranty Services offered to sell Manley an automobile warranty.

20.     Automobile warranties are not credit or insurance.

4

21.    While not clear from the face of its mailer, Warranty Services offered Manley the option of paying for its automobile warranty with several payments.

22.    The option of purchasing warranty service in several payments does not constitute an offer of credit under FCRA because Warranty Services was not offering to defer Manley's payment for the warranty service. Instead, Warranty Services required that warranty service be provided only after Manley paid for it.

23.    In its mailer, Warranty Services did not offer Manley credit or insurance as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

24.    By failing to include an offer of credit or insurance in its mailer, Warranty Services negligently, willfully, and knowingly violated FCRA.

25.    For negligently violating FCRA, under 15 U.S.C. § 1681o, Warranty Services is liable to Manley for the costs of this lawsuit, and reasonable attorney fees.

26.    For willfully and knowingly violating FCRA, 15 U.S.C. § 1681n, Warranty Services is liable to Manley for damages of $1,000, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

### FCRA's Authorized Conditions for Firm Offers

27.    Because financial institutions seeking to extend pre-approved offers of credit or insurance access the consumers private and confidential information

5

without the consumers' approval, FCRA requires that financial institutions must be extending firm offers of credit or insurance. A "firm offer" must be one that "will be honored." 15 U.S.C. § 1681a(*l*).

28.     The Fair Credit Reporting Act expressly authorizes only three exceptions to the firm-offer requirement. That is, notwithstanding the requirement that offers be firm, lenders or insurers are authorized to condition a "firm offer" on either (1) the consumer meeting specific criteria as to creditworthiness or insurability, (2) the consumer continuing to meet the specific criteria used to select the consumer for the offer, or other information bearing on creditworthiness or insurability, or (3) the consumer furnishing any collateral that was a requirement for extension of the credit or insurance. 15 U.S.C. § 1681a(*l*)(1)-(3).

29.     The Fair Credit Reporting Act does not authorize lenders or insurers to impose just any condition on its "firm offer." It only authorizes the three exceptions expressly enumerated in 15 U.S.C. § 1681a(*l*).

30.     In Count II of this lawsuit, Manley alleges that Warranty Services violated FCRA because its offers to sell Manley automobile warranties were not "firm" offers under FCRA because Warranty Services included conditions that FCRA does not authorize.

6

## Count II — Violation of FCRA by Including
## Unauthorized Conditions on Purportedly "Firm
## Offer"

31.    Manley adopts by reference all preceding allegations.

32.    In its mailer, Exhibit 1, Warranty Services offered to sell Manley an automobile warranty.

33.    Under 15 U.S.C. § 1681a(*l*), Warranty Services was authorized to condition a "firm offer" on any of three conditions. The only authorized conditions are the three conditions expressly enumerated at 15 U.S.C. § 1681a(*l*).

34.    In the mailer, however, Warranty Services conditioned its offer to Manley on, among other things, the make, model, and mileage on Manley's automobile.

35.    These are not conditions authorized under 15 U.S.C. § 1681a(*l*).

36.    By including these unauthorized conditions, the mailer did not constitute a "firm offer" as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

37.    By failing to include a "firm offer" in its mailer, Warranty Services negligently, willfully, and knowingly violated FCRA.

38.    For negligently violating FCRA, under 15 U.S.C. § 1681o, Warranty Services is liable to Manley for the costs of this lawsuit, and reasonable attorney fees.

39.    For willfully and knowingly violating FCRA, under 15 U.S.C. § 1681n, Warranty Services is liable to Manley for damages of $1,000, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

**Class Allegations for Counts I and II**

40.    Manley brings Counts I and II against Warranty Services on behalf of a class consisting of all persons in Illinois whose consumer reports were obtained by Warranty Services without such persons' authorization, and who received mailers from Warranty Services similar to Exhibits A on or after July 3, 2006.

41.    The proposed class is so numerous that joinder of all members is impracticable.

42.    There are questions of law and fact common to the class. Common issues include:

    a.    Whether Warranty Services violated FCRA when, after obtaining consumer reports in connection with transactions not initiated by consumers, offered to sell automobile warranties to the consumers instead of offering credit or insurance to the consumers;

    b.    Whether Warranty Services violated FCRA by offering to sell automobile warranties conditioned upon the make, model, and mileage of the consumers' automobiles; and

    c.    Whether Warranty Services's violations of FCRA were "willful" within the meaning of the statute.

43.     Manley's claims are typical of the claims of the putative class members. All are based on the same legal and factual issues, and Manley has no interests that conflict with the interests of the other class members.

44.     Manley will fairly and adequately represent the members of the putative class. Manley has retained counsel experienced in the prosecution of class actions, and Manley is committed to the vigorous prosecution of his claims.

45.     A class action is superior for the fair and efficient prosecution of this claim. Class-wide liability is essential to cause Warranty Services to stop its illegal conduct. Many class members may be unaware that they have been victims of Warranty Services's illegal conduct. For example, many class members may have decided to discard the mailing as "junk mail," and therefore never learn that their credit reports have been accessed for illegal purposes. Furthermore, most individual class members have little ability to take action individually due to the significant costs attendant to litigation compared with the relatively small damages available to individual class members.

### Jury-Trial Demand

As authorized by the Seventh Amendment to the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Manley, individually, and on behalf of the putative class, demands a trial by jury on all counts.

**Demand for Judgment**

Manley, individually, and on behalf of the putative class, requests that the Court enter judgment in favor of him and the class and against Warranty Services that:

a.    awards all damages available under the Fair Credit Reporting Act, including statutory damages of $1,000 per violation, punitive damages, costs, and attorney fees;

b.    enjoins Warranty Services within Illinois from further violations of the Fair Credit Reporting Act; and;

c.    provides all other relief to which Manley or the class may be entitled under the evidence.

GREEN JACOBSON & BUTSCH, P.C.

/s/ James J. Simeri
David T. Butsch
James J. Simeri
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
314.862.6800
butsch@stlouislaw.com
simeri@stlouislaw.com

and

LAW OFFICE OF JAMES X. BORMES
James X. Bormes
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
312.201.0575
bormeslaw@sbcglobal.net

Attorneys for Plaintiffs

**WARRANTY SERVICES**
1400 S. WOLF RD., BUILDING 500
WHEELING, IL 60090-6588



PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
**PAID**
A.M. MAILING
SERVICES, INC.

# INVALID WARRANTY ALERT

### VEHICLE OWN    Q138779630

*****************AUTO**3-DIGIT 606  1
JUSTIN E MANLEY  1
1047 W 31ST PL APT 1
CHICAGO IL 60608-6562

IMPORTANT DOCUMENT
**OPEN IMMEDIATELY - DO NOT DELAY**
To Open This Side — Slide Finger Under This Edge

**Ex. 1, pg. 1 of 3**

Call NOW at 1-800-821-2966 you have been pre-qualified for an offer of credit to receive 0% financing. Monday-Friday 8:00AM to 9:00PM (CST) and Saturday 9:00AM to 2:00PM (CST).

## INFORMATION MISSING

We did not receive some important vehicle information — which may affect your warranty coverage.

**Please call within 72 hours**

**CALL TODAY TO AVOID A LAPSE
IN YOUR WARRANTY COVERAGE**

# 1-800-821-2966

Warranty service department hours are:
Monday - Friday 8:00AM to 9:00PM (CST)
Saturday 9:00AM to 2:00PM (CST)

*You can choose to stop receiving "prescreened" offers of credit from this and other companies by calling toll-free 1-888-567-8688.*
*See PRESCREEN & OPT-OUT NOTICE*
*on other side for more information about prescreened offers.*

28

**Ex. 1, pg. 2 of 3**

PRESCREEN & OPT-OUT NOTICE
*This "prescreened" offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral If you do not want to receive prescreened offers of credit from this and other companies, call Equifax toll-free at 1-888-5OPT OUT; or write: Equifax Options • P.O. Box 740123 • Atlanta, GA 30374-0123*

## \*\*\* **Missing Information** \*\*\*

We have no warranty information on record for your pre-owned vehicle.

Please call 1-800-821-2966.

**Ex. 1, pg. 3 of 3**